ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 12 2006

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,
MARCO AURELIO DELEON,
a/k/a GORDITO,
KEVIN ROBINSON,
JUAN ARTURO NAMUR-MONTALVO,
ANA MARIA ROJAS-RODRIGUEZ,
a/k/a ANA MARIA ORREGO,
J. JESUS GONZALEZ-DIAZ,
ANA LAURA ROJAS-REA,
JOSE LUIS MORENO,
JOSE LUIS PIMENTAL,
JOSE ANGEL VIORATO-LOPEZ,
ANTONIO COUTAO-RODRIGUEZ,
a/k/a INDIO, and
RUEBEN LUNA-GUTIERREZ

CRIMINAL ACTION

NO. 1:05-CR-477

SECOND SUPERSEDING

THE GRAND JURY CHARGES THAT:

COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least as of April 2005, until on or about October 12, 2005, in the Northern District of Georgia and elsewhere, the defendants,

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,
MARCO AURELIO DELEON,
a/k/a GORDITO,
KEVIN ROBINSON,
JUAN ARTURO NAMUR-MONTALVO,
ANA MARIA ROJAS-RODRIGUEZ,
a/k/a ANA MARIA ORREGO,
J. JESUS GONZALEZ-DIAZ,
ANA LAURA ROJAS-REA,
JOSE LUIS MORENO,

JOSE LUIS PIMENTAL,
JOSE ANGEL VIORATO-LOPEZ,
ANTONIO COUTAO-RODRIGUEZ,
a/k/a INDIO, and
RUEBEN LUNA-GUTIERREZ,

did knowingly and intentionally combine, conspire, confederate, agree, and had a tacit understanding with each other and with other persons known and unknown to the Grand Jury, including JAVIER ALVAREZ-LOPEZ, a/k/a GOTTI, a/k/a CARLOS, a/k/a TIO; RAFAEL LUNA-JIMENEZ, a/k/a LICENCIADO, a/k/a GORDO, a/k/a JESSE; LUIS ANTONIO RAMIREZ CARDENAS, a/k/a TONO, a/k/a EL GORDITO; SERGIO BEJARANO, a/k/a INGINERO; MARIO SERGIO RUIZ-VALENCIO, a/k/a EL SOBRINO; JOSE MAGANA BARAJAS, a/k/a SOPE; YOLANDA BOJORGUEZ-CARAVEO, a/k/a/ YOLI; HECTOR MANUEL VILLAFUERTE BARIENTOS; EDGAR IVAN DE LA CRUZ CASTENADA; JUAN MORA-RIVAS, a/k/a ANDY, a/k/a JUAN; ANTONIO MENDIOLA, a/k/a CHILE; FERNANDO ROSALES BONILLA; BRIANT RODRIGUEZ-ROBLES; KEVIN FRANKLIN; DARWIN BELL; MARCUS NELSON; TRINIDAD FLORES-SOTELO, a/k/a GUICHO, a/k/a ESPINILLA; and LUIS MIGUEL RINCON, to violate Title 21, United States Code Section 841(a)(1), that is:

(a) to possess with the intent to distribute cocaine, a Schedule II controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii); and

(b) to possess with the intent to distribute methamphetamine, a Schedule II controlled substance, said conspiracy involving at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii);

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

COUNT TWO

Beginning on a date unknown to the Grand Jury, but at least as of April 2005, until on or about October 12, 2005, in the Northern District of Georgia and elsewhere, the defendants,

J. JESUS GONZALEZ-DIAZ,
ANA LAURA ROJAS-REA,
and
RUEBEN LUNA-GUTIERREZ

did knowingly and intentionally combine, conspire, confederate, agree, and had a tacit understanding with each other and with other persons known and unknown to the Grand Jury, including TRINIDAD FLORES-SOTELO, a/k/a GUICHO, a/k/a ESPINILLA, to violate Title 21, United States Code Section 841(a)(1), that is to possess with the intent to distribute cocaine, a Schedule II controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections

841(b)(1)(A)(ii) and 846, and Title 18, United States Code, Section 2.

COUNT THREE

Beginning on a date unknown to the Grand Jury, but at least as of April 2005, until on or about October 12, 2005, in the Northern District of Georgia and elsewhere, the defendants,

KEVIN ROBINSON,
and
JUAN ARTURO NAMUR-MONTALVO,

did knowingly and intentionally combine, conspire, confederate, agree, and had a tacit understanding with each other and with other persons known and unknown to the Grand Jury, including JAVIER ALVAREZ-LOPEZ, a/k/a GOTTI, a/k/a CARLOS, a/k/a TIO; RAFAEL LUNA-JIMENEZ, a/k/a LICENCIADO, a/k/a GORDO, a/k/a JESSE; LUIS ANTONIO RAMIREZ CARDENAS, a/k/a TONO, a/k/a EL GORDITO; SERGIO BEJARANO, a/k/a INGINERO; MARIO SERGIO RUIZ-VALENCIO, a/k/a EL SOBRINO; YOLANDA BOJORGUEZ-CARAVEO, a/k/a/ YOLI; HECTOR MANUEL VILLAFUERTE BARIENTOS; JUAN MORA-RIVAS, a/k/a ANDY, a/k/a JUAN; ANTONIO MENDIOLA, a/k/a CHILE; and LUIS MIGUEL RINCON; to violate Title 21, United States Code Section 841(a)(1), that is to possess with the intent to distribute marijuana, a Schedule I controlled substance, said conspiracy involving at least one hundred (100) kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections

841(b)(1)(B)(vii) and 846, and Title 18, United States Code, Section 2.

COUNT FOUR

On or about October 12, 2005, in the Northern District of Georgia and elsewhere, the defendants,

J. JESUS GONZALEZ-DIAZ,
and
ANA LAURA ROJAS-REA,

aided and abetted by each other, and by others known and unknown to the Grand Jury, including TRINIDAD FLORES-SOTELO, a/k/a GUICHO, a/k/a ESPINILLA, did knowingly and intentionally possess with intent to distribute at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT FIVE

On or about July 18, 2005, in the Northern District of Georgia, the defendants,

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,
and
ANA MARIA ROJAS-RODRIGUEZ,
a/k/a ANA MARIA ORREGO,

aided and abetted by each other, and by others known and unknown to

the Grand Jury, including JAVIER ALVAREZ-LOPEZ, a/k/a GOTTI, a/k/a CARLOS, a/k/a TIO; and BRIANT RODRIGUEZ-ROBLES, did knowingly and intentionally possess with the intent to distribute at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT SIX

From on or about July 18, 2005 until on or about July 19, 2005, within the Northern District of Georgia, and elsewhere, the defendant,

ANA MARIA ROJAS-RODRIGUEZ,
a/k/a ANA MARIA ORREGO,

did knowingly and intentionally use a communication facility, that is, a telephone, to commit, to cause, and to facilitate the commission of, a violation of Title 21, United States Code, Section 846, that is, a conspiracy to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 843(b).

COUNT SEVEN

From on or about July 18, 2005 until on or about July 19, 2005, within the Northern District of Georgia, and elsewhere, the defendant,

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,

did knowingly and intentionally use a communication facility, that is, a telephone, to commit, to cause, and to facilitate the commission of, a violation of Title 21, United States Code, Section 846, that is, a conspiracy to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 843(b).

COUNT EIGHT

On or about July 18 and 19, 2005, in the Northern District of Georgia and elsewhere, the defendant,

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,
and
ANA MARIA ROJAS-RODRIGUEZ,
a/k/a ANA MARIA ORREGO,

having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, a conspiracy to knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(ii) and 846, did attempt to conceal the same by conducting surveillance of the traffic stop of

BRIANT RODRIGUEZ-ROBLES, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, in violation of Title 18, United States Code, Section 4.

COUNT NINE

On or about July 12, 2005, in the Northern District of Georgia, the defendants,

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,
and
ANTONIO COUTAO-RODRIGUEZ,
a/k/a INDIO,

aided and abetted by each other, and by others known and unknown to the Grand Jury, including JAVIER ALVAREZ-LOPEZ, a/k/a GOTTI, a/k/a CARLOS, a/k/a TIO, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 844, and Title 18, United States Code, Section 2.

COUNT TEN

Beginning on a date unknown to the Grand Jury, until on or about August 4, 2005, in the Northern District of Georgia and elsewhere, the defendant,

MARCO AURELIO DELEON,

aided and abetted by others known and unknown to the Grand Jury, including JAVIER ALVAREZ-LOPEZ, a/k/a GOTTI, a/k/a CARLOS, a/k/a TIO; and RAFAEL LUNA-JIMENEZ, a/k/a LICENCIADO, a/k/a GORDO, a/k/a JESSE, did knowingly conduct, control, manage, supervise and direct an unlicensed money transmitting business which affected interstate and foreign commerce by the transportation and transmission of funds that were known to have been derived from a criminal offense, that is, an unlawful conspiracy to possess with the intent to distribute at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii); and were intended for use to promote and support said unlawful activity, all in violation of Title 18, United States Code, Sections 1960(a) and 2.

COUNT ELEVEN

From on or about August 18, 2005, until on or about August 19, 2005, in the Northern District of Georgia and elsewhere, the defendants,

JUAN ARTURO NAMUR-MONTALVO,
and
KEVIN ROBINSON,

aided and abetted by each other, and by others known and unknown to the Grand Jury, including JAVIER ALVAREZ-LOPEZ, a/k/a GOTTI, a/k/a CARLOS, a/k/a TIO; RAFAEL LUNA-JIMENEZ, a/k/a LICENCIADO, a/k/a GORDO, a/k/a JESSE; JUAN MORA RIVAS, a/k/a ANDY, a/k/a JUAN; HECTOR MANUEL VILLAFUERTE BARIENTOS; and EDGAR IVAN DE LA CRUZ CASTENADA, did knowingly and intentionally possess with intent to distribute at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

COUNT TWELVE

On or about September 13, 2005, in the Northern District of Georgia and elsewhere, the defendants,

JUAN ARTURO NAMUR-MONTALVO,
and
JOSE LUIS MORENO,

aided and abetted by each other, and by others known and unknown to

the Grand Jury, including JAVIER ALVAREZ-LOPEZ, a/k/a GOTTI, a/k/a CARLOS, a/k/a TIO; RAFAEL LUNA-JIMENEZ, a/k/a LICENCIADO, a/k/a GORDO, a/k/a JESSE; FERNANDO ROSALES BONILLA, did knowingly and intentionally possess with intent to distribute at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT THIRTEEN

On or about July 31, 2005, within the Northern District of Georgia, and elsewhere, the defendant,

ANA LAURA ROJAS-REA,

did knowingly and intentionally use a communication facility, that is, a telephone, to commit, to cause, and to facilitate the commission of, a violation of Title 21, United States Code, Section 846, that is, a conspiracy to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 843(b).

COUNT FOURTEEN

On or about July 31, 2005, in the Northern District of Georgia and elsewhere, the defendant,

ANA LAURA ROJAS-REA,

having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, a conspiracy to knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(ii) and 846, did conceal the same by assisting in the collection, counting, wrapping, and distribution of U.S. currency representing the proceeds from the sale of cocaine in the residence occupied by defendant, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, in violation of Title 18, United States Code, Section 4.

COUNT FIFTEEN

On or about October 12, 2005, in the Northern District of Georgia and elsewhere, the defendants,

JOSE LUIS PIMENTAL,
and
JOSE ANGEL VIORATO-LOPEZ,

aided and abetted by each other, and by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent

to distribute at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

COUNT SIXTEEN

Beginning on a date unknown to the Grand Jury, until on or about August 3, 2005, in the Northern District of Georgia and elsewhere, the defendant,

RUEBEN LUNA-GUTIERREZ,

aided and abetted by others known and unknown to the Grand Jury, including TRINIDAD FLORES-SOTELO, a/k/a GUICHO, a/k/a ESPINILLA, did knowingly conduct, control, manage, supervise and direct an unlicensed money transmitting business which affected interstate and foreign commerce by the transportation and transmission of funds that were known to have been derived from a criminal offense, that is, an unlawful conspiracy to possess with the intent to distribute at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii); and were intended for use to promote and support said unlawful activity, all in violation of Title 18, United States Code, Sections 1960(a) and 2.

COUNT SEVENTEEN

Beginning on a date unknown to the Grand Jury, but at least as of April 2005, until on or about October 12, 2005, in the Northern District of Georgia and elsewhere, the defendants,

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,
MARCO AURELIO DELEON,
a/k/a GORDITO,
KEVIN ROBINSON,
JUAN ARTURO NAMUR-MONTALVO,
ANA MARIA ROJAS-RODRIGUEZ,
a/k/a ANA MARIA ORREGO,
J. JESUS GONZALEZ-DIAZ,
ANA LAURA ROJAS-REA,
JOSE LUIS MORENO,
JOSE LUIS PIMENTAL,
JOSE ANGEL VIORATO-LOPEZ,
ANTONIO COUTAO-RODRIGUEZ,
a/k/a INDIO, and
RUEBEN LUNA-GUTIERREZ,

did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1956(a)(2)(A), that is, to knowingly and willfully transport and attempt to transport funds, that is, United States Currency, from a place in the United States, that is, Atlanta, Georgia, to a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, acts indictable under Title 21, United States Code, Sections 841 and 846, all in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE PROVISION

1. As a result of committing the controlled substance offenses alleged in this Indictment, defendants,

JUAN PELAES PEREZ-URENA,
a/k/a JAIME,
MARCO AURELIO DELEON,
a/k/a GORDITO,
KEVIN ROBINSON,
JUAN ARTURO NAMUR-MONTALVO,
ANA MARIA ROJAS-RODRIGUEZ,
a/k/a ANA MARIA ORREGO,
J. JESUS GONZALEZ-DIAZ,
ANA LAURA ROJAS-REA,
JOSE LUIS MORENO,
JOSE LUIS PIMENTAL,
JOSE ANGEL VIORATO-LOPEZ,
ANTONIO COUTAO-RODRIGUEZ,
a/k/a INDIO, and
RUEBEN LUNA-GUTIERREZ,

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in this Indictment, including but not limited to the following:

a. MONEY JUDGMENT

A sum of money in United States Currency, representing the amount of proceeds obtained as a result of and the value of property used to commit or facilitate the commission of the offenses charged in this Indictment.

2. If, as a result of any act or omission of the defendants,

any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A True BILL

FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

RICHARD A. RICE, JR.
ASSISTANT U.S. ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404/581-6000
Georgia Bar No. 603203