**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARCO AURELIO DELEON, | : | CRIMINAL NO. |
|    Movant, | : | 1:05-CR-0477-CC-GGB-10 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-2813-CC-GGB |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Marco Aurelio DeLeon, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 1622]. Presently before me for consideration are Movant's § 2255 motion to vacate [Doc. 1622], Movant's motion to amend his § 2255 motion [Doc. 1624], the United States of America's (hereinafter "Government's") motion to dismiss Movant's § 2255 motion to vacate [Doc. 1627], and Movant's response to the Government's motion to dismiss [Doc. 1632]. For the reasons discussed below, I recommend that Movant's § 2255 motion be denied as untimely.

I. Background

On December 12, 2006, a grand jury in this Court returned a 17-count second superseding indictment charging Movant and eleven co-defendants with drug trafficking and money laundering offenses. [Doc. 677]. Specifically, Movant was

charged in Count One with conspiracy to possess cocaine and methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and in Count Seventeen with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h).[1] [*Id.*]. Movant proceeded to a jury trial on June 16, 2008, and on June 23, 2008, the jury returned a verdict of not guilty on Count One and guilty on Count Seventeen. [Docs. 1092, 1105]. On September 22, 2008, the Court sentenced Movant to 210 months of imprisonment. [Doc. 1219]. Movant appealed, and on December 14, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. [Docs. 1234, 1483]. On May 17, 2010, the United States Supreme Court denied Movant's petition for a writ of certiorari. *See DeLeon v. United States*, No. 09-10212, 130 S. Ct. 3307 (May 17, 2010).

On August 6, 2012, Movant signed a motion to vacate under § 2255, and the motion was filed in this Court on August 10, 2012. [Doc. 1622]. On August 17, 2012, Movant filed a motion to amend his § 2255 motion. [Doc. 1624]. In his motions, Movant seeks dismissal of his indictment and vacation of his conviction and sentence, alleging that his indictment failed to state an offense and the Court lacked

---

[1] Movant was also charged in Count Ten with operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. However, that charge was dismissed before trial. [Docs. 677, 912].

2

jurisdiction to impose a sentence upon him. [Docs. 1622, 1624]. The Government filed a motion to dismiss, arguing that Movant is not entitled to relief because his motion is untimely. [Doc. 1627].

II. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The § 2255 statute of limitations began to run on the date Movant's convictions and sentences became final. Movant's convictions became final on May 17, 2010,

3

when the Supreme Court denied certiorari. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (holding that a federal judgment becomes final, for purposes of the AEDPA's statute of limitations, when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if the prisoner does not seek certiorari, when the time for filing a certiorari petition expires).

Movant had one year from the date his convictions became final, or until May 17, 2011, to file a motion to vacate. Movant filed his motion to vacate in this Court on August 6, 2012,[2] over a year after the limitation period expired. Because Movant's motion to vacate was filed outside the limitation period, it is untimely.

The one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010). However, in order to obtain equitable tolling of the AEDPA's filing deadlines, Movant must show that: (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562 (citation omitted). Equitable tolling is

---

[2] Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Movant signed his motion and a certification that he delivered it to prison officials for mailing on August 6, 2012. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (holding that, absent evidence to the contrary, a prisoner's *pro se* motion to vacate would be treated as having been delivered to prison officials on the date that the prisoner signed it).

4

generally limited to rare and exceptional circumstances. *See Helton v. Sec'y for Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir. 2000). Movant does not argue that he is entitled to equitable tolling. Thus, it does not apply to his motion.

Movant relies on the statement contained in case law and in Federal Rule of Criminal Procedure 12(b)(3)(B) that the court's lack of jurisdiction may be raised "at any time while the case is pending." Fed. R. Crim. P. 12(b)(3)(B); *United States v. Sharpe*, 438 F.3d 1257, 1258 (11th Cir. 2006). Movant's reliance on this principle is misplaced because his case is not "pending." *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1260-61 (10th Cir. 2005) (holding that defendant's case was no longer "pending" when he filed post-judgment motion attacking the validity of his indictment); *United States v. Wolff*, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (per curiam) (holding that, after final judgment was entered in his case and defendant did not file a direct appeal, the proceedings were no longer pending, and therefore relief under the rule allowing challenges to the court's jurisdiction to be noticed "at any time during the pendency of the proceedings" was no longer available). Case law in this circuit makes clear that jurisdictional challenges are not exempt from the one-year limitations period of § 2255. *See Williams v. United States*, 383 F. App'x 927, 929 (11th Cir. 2010) (holding that the one-year limit applies even though defendant's

5

claim is an attack on the district court's jurisdiction). *See also Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that jurisdictional challenge was not exempt from the one-year limitation period for filing a § 2255 motion). Thus, Movant's § 2255 motion is untimely.

III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant filed his § 2255 motion after expiration of the limitation period, and he has failed to show that he is entitled to any tolling of the one-year

AO 72A
(Rev.8/82)

period. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that the Government's motion to dismiss [Doc. 1627] be **GRANTED**, and that Movant Marco Aurelio DeLeon's motion to vacate sentence [Doc. 1622] be **DENIED** as untimely.

**I FURTHER RECOMMEND** that Movant's motion to amend his § 2255 motion [Doc. 1624] be **DENIED** as moot.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 14th day of January, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)